JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| ROBERT SIRVEL COBB, | ) Case No. CV 21-05716-VBF (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| STU SHERMAN, | ) |
| Respondent. | ) |

## I.  BACKGROUND

On July 14, 2021, Robert Sirvel Cobb ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Dkt. No. 1).[1]  Petitioner challenges his 17-year sentence resulting from his 2015 conviction (pursuant to a plea) for

---

[1]  The Court assumes that the Petition was filed pursuant to 28 U.S.C. § 2254.

1

1  voluntary manslaughter and findings of participation in criminal

2  street gang and principal armed with a firearm, in Los Angeles

3  Superior Court (Case No. BA406893).  (See Petition at 3).[2]

5  The Petition asserts the following ground for federal habeas

6  relief:  "Petitioner seeks relief under Penal Code Section

7  1170.95[3] to have his conviction vacated."  (Petition at 3,

_____

[2]  Citations to the Petition refer to the page numbers
assigned by the Court's electronic case filing system.

[3]  P.C. § 1170.95, effective January 1, 2019, provides in
pertinent part:

(a) A person convicted of felony murder or murder under
a natural and probable consequences theory may file a
petition with the court that sentenced the petitioner to
have the petitioner's murder conviction vacated and to be
resentenced on any remaining counts when all of the
following conditions apply:

(1) A complaint, information, or indictment was filed
against the petitioner that allowed the prosecution to
proceed under a theory of felony murder or murder under
the natural and probable consequences doctrine.

(2) The petitioner was convicted of first degree or
second degree murder following a trial or accepted a plea
offer in lieu of a trial at which the petitioner could be
convicted for first degree or second degree murder.

(3) The petitioner could not be convicted of first or
second degree murder because changes to Section 188 or
189 made effective January 1, 2019.

***

(d)(1) Within 60 days after the order to show cause has
issued, the court shall hold a hearing to determine
whether to vacate the murder conviction and to recall the
sentence and resentence the petitioner on any remaining
counts in the same manner as if the petitioner had not
been previously been sentenced, provided that the new
sentence, if any, is not greater than the initial
sentence. . . .

(2) The parties may waive a resentencing hearing and

footnote added; <u>see</u> <u>also</u> Petition at 8-10 [Petitioner entitled to relief because he was a mere passenger and therefore did not act with reckless indifference to human life and was not a major participant in the felony]).[4]

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is <u>in violation of the Constitution, laws or treaties of the United States</u>.  28 U.S.C.  § 2254(c).

Petitioner's sentencing error claim only involves the application and/or interpretation of state law and consequently is not cognizable on federal habeas review.  <u>See</u>  28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)(reiterating

stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing.  If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.

Senate Bill 1437, which added P.C. § 1170.95, "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" <u>People v. Martinez</u>, 31 Cal.App.5th 719, 723 (2019)(citing Stats. 2018, ch. 1015, § 1, subd. (f)).

[4]     It is not clear whether Petitioner has exhausted his state remedies with respect to the claim alleged in the Petition. (<u>See</u> Petition at 4-5).  It also is not clear whether a state court has denied any petition for resentencing filed by Petitioner pursuant to P.C. § 1175.95.

that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982)("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994); <u>Kennick v. Superior Court</u>, 736 F.2d 1277, 1280 (9th Cir. 1984); <u>see</u> <u>also</u> <u>Cole v. Sullivan</u>, 480 F.Supp.3d 1089, 1097 (C.D. Cal. Aug. 19, 2020) ("To the extent petitioner may be challenging the state courts' denial of his petition for resentencing under California Penal Code section 1170.95, his claims pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable"); <u>Salazar v. Spearman</u>, 2020 WL 2095792, *2 (C.D. Cal. Feb. 19, 2020)(" . . . Petitioner's claim is not cognizable on federal habeas review because whether Petitioner is entitled to relief under Cal. Penal Code § 1170.95 if solely a matter of state law.").

     Because Petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.

//
//
//

1                                        **II.  ORDER**

2

3      ACCORDINGLY, IT IS ORDERED that the Petition be dismissed

4 without prejudice.

5

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8 DATED: August 23, 2021              /s/ Valerie Baker Fairbank

9

10                                   VALERIE BAKER FAIRBANK
                                UNITED STATES DISTRICT JUDGE

11 Presented by:

12           /s/
        ―――――――――――――――――――

13        ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28